**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose NUNEZ–HERNANDEZ, aka Jose**
**Nunez, Defendant–Appellant.**

No. 99–30006.

D.C. No. CR–97–00045–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued Submitted April 4, 2000.

Submitted May 13, 2002.

Decided June 11, 2002.

Before PREGERSON and D.W. NELSON, Circuit Judges, and MOSKOWITZ,* District Judge.

SUPPLEMENTAL MEMORANDUM **

On May 24, 2000, we affirmed the conviction of Jose Nunez–Hernandez for conspiracy to possess methamphetamine with intent to distribute (Count I), possession of methamphetamine with intent to distribute (Counts II and IV), carrying of a firearm during drug trafficking (Count V) and money laundering (Counts VIII and IX). We granted Nunez–Hernandez's motion to recall the mandate on January 10, 2001 so that he could raise a challenge to his conviction based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Having considered the *Apprendi* issues, we affirm.

First, we note that the drug statutes of which Nunez–Hernandez was convicted have been held to be constitutional. *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002)(en banc) *amended* 289 F.3d 558 (9th Cir.2002). Second, although the charging language of the conspiracy count only alleged conspiracy to possess with intent to distribute an unspecified amount of methamphetamine, Overt Act 1 alleges that the conspirators were supplied with "as much as two pounds of methamphetamine per week." Overt Acts 2 and 4 alleged transportation of approximately twelve to thirteen pounds of methamphetamine. Count II charges Nunez–Hernandez with possession of three ounces (85.125 grams) of methamphetamine with intent to distribute. Count IV charges Nunez–Hernandez with possession of 14 ounces (397.25 grams) of methamphetamine with intent to distribute. Thus, Nunez–Hernandez was on notice that the charges involved amounts of methamphetamine greater than 50 grams, thereby increasing the maximum possible sentence to life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. Even if we were to construe the amounts of methamphetamine in the indictment to refer to the amount of a mixture containing methamphetamine rather than actual methamphetamine, the maximum penalty on counts II and IV would be forty years, which is greater than Nunez–Hernandez's sentence. *See* 21 U.S.C. § 841(b)(1)(B)(viii).

■ Nunez contends that his right under *Apprendi* to a jury determination beyond a reasonable doubt as to whether he was involved with more than 50 grams of pure methamphetamine or 500 grams of a mixture containing methamphetamine was violated. It is true that the district court did not submit the issue of the weight of the methamphetamine to the jury. Nunez–Hernandez did not object below. Therefore, his *Apprendi* claim must be raised as plain error. *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). While we now find the failure to submit the issue of the amount of methamphetamine to the jury to be error, we hold that it did not affect Nunez–Hernandez's substantial rights. *Id.* at 732–36, 113 S.Ct. 1770.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Nunez was not actually prejudiced by the *Apprendi* error because reliable evidence at trial established that his drug offense involved more than enough methamphetamine to trigger the statutory maximum of life imprisonment. Under 21 U.S.C. § 841(b)(1)(A)(viii), an offense involving 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine carries a maximum penalty of life imprisonment. During Nunez's trial, his wife Maria testified that Nunez and co-conspirator Aquil transported 15 kilograms of methamphetamine to Montana in a van in which she and her children were passengers in October of 1996. Further evidence established that Nunez brought four to six pounds of methamphetamine to Montana on several occasions. Nunez–Hernandez's defense was that he was not involved with any amount of drugs. He did not contest any findings of specific amounts of methamphetamine. The evidence at trial clearly established that he had been involved with more than 50 grams of methamphetamine or 500 grams of a mixture containing methamphetamine.

Additionally, as we noted in *Buckland*, an overall sentence greater than the maximum sentence on a single drug count for an unspecified amount of methamphetamine does not violate *Apprendi* if the sentence does not exceed the consecutive total of the maximums on the drug counts. 277 F.3d at 1184–1186. Under *Apprendi*, Nunez's sentence for each count would be limited to 20 years, the statutory maximum for unspecified amounts of methamphetamine, since the jury made no specific determination of the amount of the drugs. Nunez was convicted of three drug counts (I, II and IV) and sentenced to 293 months on those counts. Under U.S.S.G. § 5G1.2(d), the district court is required to impose a sentence within the range dictated by the Sentencing Guidelines and must run the sentences consecutively for convictions on multiple counts if the statutory maximum on a particular count is less than the guideline sentence. *Buckland*, 277 F.3d at 1185. *Apprendi* is not implicated as long as the total of the stacked consecutive sentences does not exceed the combined statutory maximums for the counts of conviction. *Id.* Since the sentence of 293 months on the drug counts did not exceed the combined maximum statutory sentence of 20 years for each of the three counts, Nunez–Hernandez's sentence did not violate the rule in *Apprendi.*

Because the indictment alleged the amounts of methamphetamine triggering punishments of up to life imprisonment and because the failure to submit the question of the amount of methamphetamine to the jury did not affect Nunez–Hernandez's substantial rights and was harmless, the conviction is AFFIRMED.